### In the Matter of Leonard J. HOLAJTER.

### No. 45S00–0004–DI–279.

Supreme Court of Indiana.

Aug. 29, 2001.

Order clarifying final order September 7, 2001.

### *ORDER APPROVING CONSENT TO DISCIPLINE AND IMPOSING SUPSENSION*

The respondent, Leonard J. Holajter, has stipulated facts and consented to discipline for attorney misconduct as alleged in the Disciplinary Commission's *Verified Complaint for Disciplinary Action.* The agreed facts are summarized below:

**Facts:** Under Count I of the verified complaint, the respondent neglected 12 legal matters he had undertaken on behalf of a mortgage company. Rather than advise his client of his delay in taking action, he repeatedly misled company officials as to the status of the cases, falsely advising that specific pleadings had been filed and, in one instance, affixing a false file stamp to a document to demonstrate to them that it had been filed.

Under Count II of the complaint, the respondent took over a will matter from his law partner, then failed to take action for the clients and failed to respond to their requests for information regarding their legal affairs.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. He violated Prof.Cond.R. 1.4(a), which requires lawyers to keep clients reasonably informed about the status of their legal matters and promptly to respond to reasonable requests for information. He violated Prof.Cond.R. 1.16(a)(2), which requires a lawyer to withdraw from representation when the lawyer's mental condition materially impairs his ability to represent the client. He violated Prof. Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** The Court, having considered the stipulated facts and having concluded that the respondent engaged in attorney misconduct, now ORDERS that the respondent be suspended from the practice of law for a period of ninety (90) days, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents, believing the discipline to be inadequate for the misconduct.

### *ORDER CLARIFYING FINAL ORDER*

By order issued August 29, 2001, this Court suspended the respondent, Loenard J. Holajter, for a period of ninety (90) days, with automatic reinstatement thereafter. This Court now finds that that period of suspension shall begin on October 13, 2001.

IT IS, THEREFORE, ORDERED that the ninety (90) day suspension of the respondent, Leonard J. Holajter, from the

practice of law in this state shall begin on October 13, 2001. In all other respects, this Court's order of August 29, 2001, in this case shall remain in full force and effect.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Ind.Admission and Discipline Rule 23(3)(d).